# Charles Shipley, Plaintiff in Error, v. Chicago & Alton Railroad Company, Defendant in Error.

1. MASTER AND SERVANT—*when doctrine of assumed risk applies.* Where a servant knowing the existence of danger unnecessarily takes the risk arising therefrom the doctrine of assumed risk bars a recovery for an injury resulting.

2. CONTRIBUTORY NEGLIGENCE—*disobedience of orders.* If a servant deliberately undertakes to do work in a particular way contrary to explicit orders and is injured as a result of a danger known to him, he is guilty of such negligence as will bar a recovery.

3. CONTRIBUTORY NEGLIGENCE—*when notice of danger presumed.* Where the danger is obvious to a person of ordinary intelligence the law will charge him with knowledge of it. Where a person is old enough to comprehend a danger, and is familiar with the place and the location, his duty to exercise ordinary prudence and care would charge him with notice of it.

Action in case for personal injuries. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911. *Certiorari* denied by Supreme Court (making opinion final).

DE MANGE, GILLESPIE & DE MANGE, for plaintiff in error.

BRACKEN & YOUNG, for defendants in error; SILAS H. STRAWN, of counsel.

MR. JUSTICE FROST delivered the opinion of the court.

This is a suit brought by plaintiff in error, Charles Shipley, against the Chicago & Alton Railroad Company, defendant in error, to recover damages for an injury sustained by plaintiff while employed by defendant in and about a roundhouse of defendant in its Bloomington yards. At the close of plaintiff's evidence, the court, on motion of defendant's counsel, gave a per-

emptory instruction to find defendant not guilty. Verdict and judgment were then entered against plaintiff, and he brings the case here on error.

At the time of his injury, plaintiff was in charge of a small engine, backing a certain tender or tank through the south arch of the roundhouse, to be placed on the turntable in the center, and then placed in a stall. Plaintiff had had some ten years' experience as a brakeman and as a switchman in the yard, during which time he had worked about the roundhouse many times, and had been at this last employment about twenty-five days before his injury. Plaintiff, before entering upon his last employment, had been instructed by his superior never to enter the south arch until he had first stopped his engine outside the archway, and ascertained by actual inspection that the turntable was properly manned, aligned and locked. It required two men to properly operate and align the turntable track with the track in use. On the occasion of the injury, plaintiff was riding on a tank about nine feet wide and ten feet high, propelled by the engine. As he says, "The first time I went down I stopped outside the wall and went into the house to see about getting the table lined up with the track I was on. I was told to get out to let out another engine. I went out and afterwards backed down to the roundhouse on the same track. I expected to find the turntable lined because the engine had just gone out. Noticed the man was trying to line the table. He was see-sawing it back and forth. I noticed the track was not lined up when I first entered the outside arch. I signalled the engineer to stop, and as I did not feel it stop, I turned my head and hollered, and I caught my shoulder between the tank and arch wall, and I was rolled like you would roll a lead pencil in your hand." The west wall of the south or outgoing archway was about four feet from the west rail toward the north. The inner or

north end of the archway was about two feet and eleven inches from the track at the point where plaintiff was injured. Plaintiff had worked about the roundhouse sufficiently to know the distance between the west wall and the west rail of the track, and it was his duty to instruct the engineer to stop at the south arch to ascertain if the turntable track was aligned before entering it, and he knew, as he says, that as he first attempted to enter there was but one man at the turntable, and that it required two men to work it. He entered the south arch without paying any particular attention to find out the condition of the turntable, because, as he says, he did not think it was necessary, as he supposed every minute the man would have the table aligned. From the point where he stood on the tank, if he had looked, he could have seen whether or not the turntable was alighted, before he entered the south arch, and could then have signalled the engineer to stop. With his knowledge of the conditions surrounding him, particularly the proximity of the wall of the roundhouse to the outgoing track as it approached the north end of the archway, if he chose to ride on the steps of the tender in passing to the turntable, he assumed the risk of injury coming from contact with the wall, or if not a question of assumed risk, if he chose to disobey instructions and deliberately entered the south arch without knowing whether the turntable was aligned, knowing there was not sufficient men to properly operate it, and when the table was in full view at the entrance, and ride on the tender in such a manner as to inevitably incur injury as he approached the north entrance, he was, in our opinion, guilty of such negligence as should bar a recovery. Had he ascertained, as he should have, before he entered the south arch, that the table was not turned, it was his duty to instruct the engineer not to proceed, and then it would

not have been necessary to signal the engineer to stop, and the injury would not have occurred.

Where the danger is obvious to a person of ordinary intelligence the law will charge him with knowledge of it. Where a person is old enough to comprehend a danger, and is familiar with the place and the location, his duty to exercise ordinary prudence and care would charge him with notice of it. L. E. & W. Ry. Co. v. Wilson, 189 Ill. 89.

The risk of injury from being caught between the wall and tender we think was one assumed by the plaintiff, and his injury was due to his negligence in not ascertaining the condition of the turntable before entering the south arch.

For these reasons the judgment of the circuit court will be affirmed.

*Affirmed.*